UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BEVERLY MICHAJLYSZN,

    Plaintiff,

v.

    Case No.: 15-11805
    Hon. Victoria A. Roberts

CITIZENS BANK N.A.,

    Defendant.

_____/

## ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
## [ECF No. 25]

### I. INTRODUCTION

Beverly Michajlyszn ("Michajlyszn") filed this action against Citizens Bank N.A. ("Citizens"). She alleges that she was terminated from employment because of her age, in violation of the Age Discrimination and Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.* Citizens filed this motion for summary judgment under Federal Rules of Civil Procedure 56. It argues there are no genuine issues of material fact regarding the legality of Michajlyszn's termination. Citizens is entitled to judgment as a matter of law.

### II. BACKGROUND

Citizens' predecessor hired Michajlyszn in 1984 as a teller. Her employer changed ownership several times during Michajlyszn's thirty-year tenure with the bank, and she became an employee of Citizens in 2004, when Citizens acquired Charter One Financial, Inc. Michajlyszn worked for Citizens as a teller manager, which carried the

responsibility of acting as the vault custodian. She was responsible for maintaining, ordering, and disbursing cash.

Michajlyszn worked at the Woodward/Long Lake branch ("Woodward") until February 27, 2014 when she transferred to the Lathrup Village branch ("Lathrup"). Citizens required that Michajlyszn transfer from Woodward because that location no longer employed Michajlyszn's position. In 2014, Citizens changed its business model from a teller manager system to a universal banker system. In a universal banker system, all employees are responsible for all bank activities, including operating teller lines and accepting loan applications.

On April 1, 2014, Citizens terminated Michajlyszn's employment. She was 65. Michajlyszn claims that Citizens discriminated against her because of her age. Michajlyszn bases her claims on the following:

(A) During Michajlyszn's employment at Woodward, Michajlyszn alleges that Branch Manager Mazen Benham asked her on at least five occasions when she planned to retire. He suggested that she clean out her personal items weeks before her scheduled transfer, and suggested that she ask management for a buyout.

(B) Three weeks before Michajlyszn transferred from Woodward, she trained Kristen Shaoni, in her 20s, and Shaoni along with other employees assumed Michajlyszn's responsibilities.

(C) A day after Michajlyszn transferred to Lathrup, Regional Manager Erin Vincent informed her that she had three choices: (1) remain at Lathrup; (2) transfer to Ferndale; or, (3) resign. Michajlyszn chose to remain even though she knew that the

Lathrup branch had triple the business compared to Woodward, and Ferndale was closer to her home.

(D) Lathrup's branch manager Serina Boyd, consistently monitored and documented Michajlyszn's activities. Boyd kept a daily log a week into Michajlyszn's employment until two weeks after Michajlyszn's termination.

(E) In 2011, Citizens gave Michajlyszn a written warning when she left a vault unsecured, a cash room open, and a cash box out. However, in 2014, Citizens decided to terminate her when she again left a vault unsecured with cash on the floor. On the other hand, later that year, Citizens only gave Taryn Kimbrough a final written warning when she left a vault unsecured with cash.

Although Michajlyszn did not tell human resources personnel that she felt management treated her differently than younger employees or about Benham's statements, she now believes Citizens treated her differently and Citizens discriminated her based on her age.

Citizens alleges that it based its decision to terminate Michajlyszn on several incidences:

(1) Since 2010, Michajlyszn's performance declined and she failed to meet her sales referral goals. Michajlyszn consistently received a rating of two and three out of five on performance reviews. In 2013 and 2014, Michajlyszn received a Performance Improvement Plan and a final written warning that any subsequent violations of company policy might lead to termination.

(2) In 2014, Michajlyszn left a vault unsecured with cash on the floor. After a two-week review by four managers, Citizens decided to terminate Michajlyszn for poor performance and continued violations of company policy.

Following her termination, Michajlyszn filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), alleging age discrimination in violation of the ADEA. The EEOC dismissed Michajlyszn's claim because of lack of evidence.

Citizens moves for summary judgment.

### III. APPLICABLE LAW
#### a. Summary Judgment

The Court will grant summary judgment if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S. Ct. 2505, 2507, 91 L. Ed. 2d 202 (1986). The movant has the initial burden to demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553, 91 L. Ed. 2d 265 (1986). The burden then shifts to the nonmovant, who "must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256, 106 S. Ct. at 2514 (discussing FED. R. CIV. P. 56(e)). "The court must view the evidence in the light most favorable to the non-moving party, drawing all reasonable inferences in that party's favor." *Sagan v. U.S.*, 342 F.3d 493, 497 (6th Cir.2003) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986)).

Both parties must support their assertions "that a fact cannot be or is genuinely disputed" by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." FED. R. CIV. P. 56(c)(1)(A). Alternatively, either party may carry its burden by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." *Id.* 56(c)(1)(B).

It is not enough for the nonmovant to "simply show that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586, 106 S. Ct. at 1356, 89 L. Ed. 2d 538 (1986). Rather, the nonmovant must sufficiently allege a fact that, if proven, "would have [the] effect of establishing or refuting one of essential elements of a cause of action or defense asserted by the parties." *Midwest Media Prop., L.L.C. v. Symmes Twp., Ohio*, 503 F.3d 456, 469 (6th Cir.2007) (alteration in original) (quoting *Kendall v. Hoover Co.*, 751 F.2d 171, 174 (6th Cir. 1984)) (internal quotation marks omitted). The non-movant cannot rely upon bare assertions, conclusory allegations, or suspicions to substantiate his claims. *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir.1995). If the nonmoving party does not respond with specific facts showing a genuine issue for trial, summary judgment is appropriate. *Emmons v. McLaughlin*, 874 F.2d 351, 353 (6th Cir.1989).

### b. AGE DISCRIMINATION AND EMPLOYMENT ACT

Under the ADEA, it is unlawful for an employer "to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms,

5

conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1). "The purpose of the ADEA… is to protect older workers from being 'deprived of employment on the basis of inaccurate and stigmatizing stereotypes,' and to ensure that employers evaluate their employees on the basis on their merits, and not their age." *Allen v. Diebold*, 33 F.3d 674, 676-77 (6th Cir.1994). "Disparate treatment [as Michajlyszn alleges]… captures the essence of what Congress sought to prohibit in the ADEA. It is the very essence of age discrimination for an older employee to be fired because the employer believes that productivity and competence decline[] with old age." *Hazen Paper Co. v. Biggins*, 507 U.S. 604, 610, 113 S.Ct. 1701, 123 L.Ed.2d 338 (1993).

The burden of persuasion is on Michajlyszn to show that "age was the 'but-for' cause of [Citizens'] adverse action." *Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 177, 129 S.Ct. 2343, 174 L.Ed.2d 119 (2009). Michajlyszn "may establish a violation of the ADEA by either direct or circumstantial evidence." *Blizzard v. Marion Technical Coll.*, 698 F.3d 275, 283 (6th Cir.2012) (quoting *Geiger v. Tower Auto.*, 579 F.3d 614, 620 (6th Cir.2009)). "Direct evidence of discrimination is that evidence which, if believed, requires the conclusion that unlawful discrimination was at least a motivating factor in the employer's action." *Gieger*, 579 F.3d at 620 (quoting *Wexler v. White's Fine Furniture*, Inc., 317 F.3d 564, 570 (6th Cir.2003)).

When there is no direct evidence of age discrimination, the claim is analyzed using the burden-shifting framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). *Blizzard*, 698 F.3d at 283. To establish a *prima facie* case relying upon indirect evidence of age discrimination, Michajlyszn must

establish that: (1) she is a member of a protected class; (2) she was subject to an adverse employment action; (3) she was qualified for the position; and, (4) [Citizens] treated her differently from similarly situated employees outside the protected class. *Briggs v. Potter*, 463 F.3d 507, 514 (6th Cir.2006).

To overcome a *prima facie* case of discrimination, an employer must "articulate a legitimate nondiscriminatory reason" for its action. *See Barnes v. GenCorp Inc.*, 896 F.3d 1457, 1465 (6th Cir. 1990)(citing *Texas Dept. of Community Affairs v. Burdine*, 450 U.S. 248, 252-53 (1981)). Afterwards, the burden shifts to Michajlyszn to prove by a preponderance of the evidence that Citizens' asserted reasons "were not its true reasons, but were a pretext for discrimination." *Id.* at 1464.

To establish pretext, Michajlyszn must show "(1) that the proffered reasons had no basis *in fact*, (2) that the proffered reasons did not *actually* motivate [her discharge], or (3) that they were *insufficient* to motivate discharge." *Chattman v. Toho Tenax Am., Inc.*, 686 F.3d 339, 349 (6th Cir.2012) (emphasis in original) (internal quotation marks omitted). The three-part test need not be applied rigidly. *Blizzard*, 695 F.3d at 285. "Pretext is a commonsense inquiry: did the employer fire the employee for the stated reasons or not?" *Chen v. Dow Chem. Co.*, 580 F.3d 394,400 n.4. (6th Cir.2009). It is not enough for a plaintiff to simply disprove the employer's purported nondiscriminatory reasons; plaintiff must present evidence that age was a motivating factor in defendant's decision. Michajlyszn has the burden to produce "sufficient evidence from which a jury could reasonably reject [Citizens'] explanation of why it fired her." *Id.* at 400.

### c. Michajlyszn and Citizens' Legal Authority

Citizens relies on *Gross*, which holds that Michajlyszn has the burden of persuasion to show that her "age was the 'but-for' cause of the employers' adverse action." Citizens also relies on *McDonnell-Douglass Corp.* to demonstrate the burden shift analysis, if Michajlyszn can establish a *prima facie* case for age discrimination. In addition, Citizens relies on *Lefevers v. GAF Fiberglass Corp.*, 667 F.3d 721, 724 (6th Cir.2012), for the proposition that statements by non-decision makers unrelated to the decision to terminate Michajlyszn are insufficient to satisfy Michajlyszn's burden to demonstrate animus.

In *Lefevers*, the Sixth Circuit said that asking an employee "when are you going to retire?" is merely a general inquiry about age and impending retirement, and this statement does not constitute direct evidence of discriminatory intent when the statement is made by a non-decision maker, or decision makers unrelated to the decisional process to terminate.

Michajlyszn does not rely on any cases to demonstrate that she met her burden for her *prima facie* case, nor does she directly address Citizens' arguments in her response. Michajlyszn relies on *Briggs* to demonstrate the elements for pretext, but she does not explain what element applies to her case. However, Citizens relies on *Chen* to demonstrate pretext and Plaintiff's failure to establish the elements.

## IV.  DISCUSSION

Citizens says: (1) Michajlyszn has no facts to support a claim of differential treatment based on age and that Citizens had legitimate, non-pretextual reasons to

terminate Michajlyszn; and, (2) Michajlyszn is not entitled to economic damages after her termination date because she did not sufficiently mitigate them.

### a. Age Discrimination

Citizens says that Benham's alleged statements to Michajlyszn to discuss her retirement, encourage her to ask for a buyout, and ask her to clean out her personal items were not direct evidence of discrimination. Citizens argues that Benham did not make his statements in conjunction with any adverse employment action and Benham was only indirectly involved in the decision to terminate Michajlyszn. Michajlyszn claims that Citizens prompted the statements to force her to retire and it decided to terminate her when she refused.

Michajlyszn's argument is unavailing. The statements upon which she relies are not probative of Citizens' discriminatory animus. While discriminatory remarks, even by a non-decision maker, can be probative evidence of pretext, statements by non-decision makers, or statements by decision-makers not made in the context of the decisional process itself, are insufficient to satisfy a plaintiff's burden to demonstrate discriminatory animus. *Blizzard*, 698 F.3d at 287. Michajlyszn presents no evidence to suggest that Benham's questions were related to Citizens' decision to terminate her, or even that Benham was directly involved in that decision. See *Geiger*, 579 F.3d at 621–22.

In addition, assuming Benham was involved in the decision to terminate Michajlyszn, Michajlyszn conceded in her deposition that she brought up retirement to Benham in passing and told him that she intended to retire at age sixty-six. She also said that Benham made the statements while they were laughing and joking, so she did not take him seriously. Benham's comments do not relate to the decision to terminate

9

her, and his inquiries were too general to constitute direct evidence of discrimination. *See Lefevers*, 667 F.3d at 724 (Merely general inquiries about age and impending retirement do not suffice to satisfy the plaintiff's burden to demonstrate animus when the statement is made by a non-decision maker, or decision makers unrelated to the decisional process itself.).

When direct evidence of age discrimination is lacking, the court analyzes the claim using the *McDonnell Douglas* burden-shifting framework. *Blizzard*, 698 F.3d at 283.

Citizens argues that Michajlyszn cannot prove a *prima facie* case of discrimination because she was not qualified for the position and she has no evidence that Citizens treated her differently than similarly situated younger employees – two whom she alleges left cash in an unsecured vault once and Citizens did not terminate them.

To establish her burden, Michajlyszn alleges that Benham told her that Sean Glasgow left a vault open overnight. Michajlyszn has no personal knowledge if this did occur. Instead, she speculates that Citizens did not reprimand him since Glasgow remains an employee. On the other hand, Benham testified that he did not have knowledge of Glasgow leaving the vault open overnight. Second, Michajlyszn points to Kimbrough; she only received a final written warning when she failed to secure cash in a vault once.

The Glasgow statement is hearsay. *See, e.g., Alpert v. United States*, 481 F.3d 404, 409 (6th Cir.2007) ("'[E]vidence submitted in opposition to a motion for summary

10

judgment must be admissible. Hearsay evidence ... must be disregarded.' " (quoting *U.S. Structures, Inc. v. J.P. Structures, Inc.*, 130 F.3d 1185, 1189 (6th Cir.1997))).

Even assuming that the record supported Michajlyszn's claims, these employees are not similar situated to her. Michajlyszn left over $100,000 cash in an unsecured vault twice and continued to violate Citizens' policies after she received final written warning of termination.

Michajlyszn also argues that the Citizens Woodward branch replaced her with employees in their twenties, all outside the protected class. Michajlyszn's argument is unavailing. The Woodward branch did not terminate Michajlyszn. She decided to transfer from the Woodward branch to Lathrup, and the Lathrup branch terminated her after she violated company policy.

In addition, assuming that Michajlyszn established a *prima facie* case of discrimination, her claim would be unavailing because Citizens' reasons to terminate her were not pretextual.

Citizens proffered several legitimate, nondiscriminatory reasons why it terminated Michajlyszn: repeated poor performance and violations of company policy.

Under pretext, "the first category implicates evidence 'that the proffered bases for [Michajlyszn's] discharge never happened,' and the second category requires that [Michajlyszn] 'admit[ ] the factual basis underlying [Citizens'] proffered explanation and further admit [ ] that such conduct could motivate dismissal.' " *Chattman*, 686 F.3d at 349 (alteration in original) (quoting *Manzer v. Diamond Shamrock Chems. Co.*, 29 F.3d 1078, 1084 (6th Cir.1994)). "The third category of pretext consists of evidence that other employees, particularly employees outside the protected class, were not disciplined

even though they engaged in substantially identical conduct to that which [Citizens] contends motivated its discipline of [Michajlyszn]." *Id.* (citing *Manzer*, 29 F.3d at 1084). "A showing of the third type of pretext is a direct attack on the credibility of [Citizens'] proffered motivation for disciplining [Michajlyszn] and, if shown, 'permits, but does not require, the factfinder to infer illegal discrimination from [Michajlyszn's] prima facie case.' " *Id.* (quoting *Manzer*, 29 F.3d at 1084). "In other words, it creates a genuine, triable issue of material fact." *Id.*

Michajlyszn does not present sufficient evidence from which a jury could reasonably reject Citizens' explanation of her termination.

First, Michajlyszn cannot establish that the proffered reasons had no basis in fact. She conceded in her deposition that she left over $100,000 cash in an unsecured vault in violation of Citizens' policy twice. She also said that she understood Citizens' policies and regulations to secure cash.

Second, Michajlyszn conceded in her deposition that she signed the final written warning before leaving the cash unsecured, and was aware that Citizens might terminate her if she violated company policy.

Finally, Michajlyszn cannot establish the insufficiency of Citizens' proffered reasons; she has not presented admissible evidence that Citizens treated other employees differently in light of conduct similar to hers. *See Blizzard*, 698 F.3d at 286-87.

Michajlyszn presents no direct evidence of age discrimination. Nor does she even attempt to argue that she makes out a *prima facie* case of discrimination under the

*McDonnell Douglas* framework or show that Citizens' proffered reasons for her termination were pretextual.

### b. Economic Damages

Since the court grants summary judgment on the ADEA claim the court need not address damages.

## V. CONCLUSION

Michajlyszn cannot establish a genuine issue of material fact that age was the but-for cause for her termination. She cannot successfully establish an age discrimination claim. Citizens is entitled to judgment as a matter of law. The court **GRANTS** Citizens' motion for summary judgment.

**IT IS ORDERED.**

s/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: September 22, 2016

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on September 22, 2016.

s/Linda Vertriest
Deputy Clerk

13